IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINSTON T. RUBINO,<br><br>   Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., BANK OF THE WEST, N.A. and TRANS UNION LLC,<br><br>   Defendants. | Case No. 1:18-cv-08019 |

## **COMPLAINT**

NOW COMES Plaintiff, WINSTON T. RUBINO, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendants, BANK OF AMERICA, N.A., BANK OF THE WEST, N.A. and TRANS UNION LLC, alleging and complaining as follows:

### **NATURE OF THE ACTION**

1. This action seeks compensatory, statutory, and punitive damages, costs and reasonable attorneys' fees for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq*.

### **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. § 1681p with respect to Plaintiff's FCRA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

4. WINSTON T. RUBINO ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. BANK OF AMERICA, N.A. ("BANA") is a national banking association with a principal place of business in Charlotte, North Carolina.

8. BANA is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9. BANK OF THE WEST, N.A. ("Bank of the West") is a national banking association with its principal place of business in San Francisco, California.

10. Bank of the West is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

11. TRANS UNION LLC ("TransUnion") is a foreign limited liability company with its principal place of business in Chicago, Illinois.

12. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

### 313 East Daisy Circle, Romeoville, Illinois 60446

14. On March 13, 2014, Plaintiff executed a Mortgage (the "Mortgage") in favor of BANA.

15. The Mortgage secured the purchase of Plaintiff's personal residence located at 313 East Daisy Circle, Romeoville, Illinois 60446 (the "Property").

16. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $146,030.00 (the "Loan").

### 2016 Jeep Cherokee

17. On October 18, 2016, Plaintiff executed a Retail Installment Contract (the "Contract") in favor of Bank of the West.

18. The Contract secured the purchase of Plaintiff's 2016 Jeep Cherokee (the "Vehicle").

### 1:16-bk-40874 – In re Winston Tayo Rubino

19. On December 31, 2016, Plaintiff initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

20. Notice of Plaintiff's bankruptcy case was sent to BANA at 4909 Savarese Circle, Tampa, Florida 33634 by first class mail on January 5, 2017.[1]

21. Notice of Plaintiff's bankruptcy case was sent to Bank of the West at 2527 Camino Ramon, San Ramon, California 94583 by electronic transmission on January 4, 2017.

22. The schedules filed by Plaintiff listed BANA on Schedule D: Creditors Who Have Claims Secured by Property.

23. The schedules filed by Plaintiff listed Bank of the West on Schedule D: Creditors Who Have Claims Secured by Property.

---

[1] Notice by electronic transmission was sent to BANA by the Bankruptcy Noticing Center at P.O. Box 982238, El Paso, Texas 79998 as well as NC4-105-03-14, P.O. Box 26012, Greensboro, North Carolina 27420 on January 4, 2017.

24. The schedules filed by Plaintiff listed BANA as having a claim in amount of $140,110.00.

25. The schedules filed by Plaintiff listed Bank of the West as having a claim in amount of $29,621.00.

26. On January 13, 2017, Bank of the West filed a proof of claim. In its proof of claim, Bank of the West stated that it held a secured claim for $29,211.73.

27. On March 28, 2017, BANA filed a proof of claim. In its proof of claim, BANA stated that it held a secured claim for $137,245.48.

28. Plaintiff's First Modified Chapter 13 Plan (the "Confirmed Plan") was confirmed on June 23, 2017.

29. The Confirmed Plan provided for monthly payments directly from Plaintiff to BANA.

30. The Confirmed Plan provided for monthly payments directly from Plaintiff to Bank of the West.

31. Throughout the pendency of his Chapter 13 bankruptcy case, Plaintiff has made all post-petition payments to BANA.

32. Throughout the pendency of his Chapter 13 bankruptcy case, Plaintiff has made all post-petition payments to Bank of the West.

**Credit Reporting Issues**

33. On or before February 14, 2018, Plaintiff obtained his credit report from Trans Union.

34. Plaintiff discovered that BANA failed to report Plaintiff's monthly payments; instead, reported Plaintiff's account as included in bankruptcy.

35. Plaintiff discovered that Bank of the West failed to report Plaintiff's monthly payments; instead, reported Plaintiff's account as included in bankruptcy.

36. On September 4, 2018, Plaintiff sent dispute letters to TransUnion by First-Class Mail®.

37. Plaintiff's dispute letter to TransUnion unmistakably articulated that Plaintiff's mortgage loan was not included in bankruptcy, and included the Confirmed Plan.

38. Plaintiff's dispute letter to TransUnion unmistakably articulated that Plaintiff's automobile installment loan was not included in bankruptcy, and included the Confirmed Plan.

39. Plaintiff requested that TransUnion investigate and correct BANA's inaccurate reporting.

40. Plaintiff requested that TransUnion investigate and correct Bank of the West's inaccurate reporting.

41. On information and belief, TransUnion notified BANA of Plaintiff's dispute within five days of receiving Plaintiff's dispute letter.

42. On information and belief, TransUnion notified Bank of the West of Plaintiff's dispute within five days of receiving Plaintiff's dispute letter.

43. On or around October 3, 2018, TransUnion mailed Plaintiff its Investigation Results.

44. TransUnion's Investigation Results revealed that BANA continued to suppress Plaintiff's monthly payment history.

45. TransUnion's Investigation Results revealed that BANA continued to report Plaintiff's mortgage loan account as "included in bankruptcy."

5

46. TransUnion's Investigation Results revealed that Bank of the West continued to suppress Plaintiff's monthly payment history.

47. TransUnion's Investigation Results revealed that Bank of the West continued to report Plaintiff's automobile installment loan account as included in bankruptcy.

48. TransUnion's Investigation Results revealed that Bank of the West continued to report Plaintiff's automobile installment loan account as closed as of May 31, 2017.

49. To date, BANA continues to furnish inaccurate information regarding Plaintiff's mortgage loan.

50. To date, Bank of the West continues to furnish inaccurate information regarding Plaintiff's automobile installment loan.

51. BANA and Bank of the West's furnishing in addition to TransUnion's reporting continues to paint a false and damaging picture of Plaintiff.

52. This entire experience has imposed distrust, distress, embarrassment and frustration on Plaintiff.

53. Indeed, Plaintiff feels helpless to regain control of his credit standing and creditworthiness.

54. This entire experience has resulted in expenditure of considerable time, anxiety and mental anguish.

**CLAIMS FOR RELIEF**

**Count I:**
**BANA's violation(s) of 15 U.S.C. § 1681 *et seq.***

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

### A. BANA's failure to conduct an investigation

57. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) Conduct an investigation with respect to the disputed information;

(B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C) Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i) Modify that item of information;

(ii) Delete that item of information; or

(iii) Permanently block the reporting of that item of information.

58. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), BANA received Plaintiff's dispute letter from TransUnion.

59. BANA violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

60. BANA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by TransUnion.

61. Had BANA conducted a reasonable investigation, BANA would have discovered that Plaintiff's automobile installment loan was not closed, was not included in bankruptcy, and was paid consistently every month.

62. BANA violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to TransUnion.

63. BANA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

64. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

65. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

66. BANA's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find BANA in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of BANA's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

**Count II:
Bank of the West's violation(s) of 15 U.S.C. § 1681 *et seq.***

67. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

68. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

### A. Bank of the West's failure to conduct an investigation

69. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(F) Conduct an investigation with respect to the disputed information;

(G) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(H) Report the results of the investigation to the consumer reporting agency;

(I) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(J) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(iv) Modify that item of information;

(v) Delete that item of information; or

(vi) Permanently block the reporting of that item of information.

70. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Bank of the West received Plaintiff's dispute letter from TransUnion.

71. Bank of the West violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

72. Bank of the West violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by TransUnion.

73. Had Bank of the West conducted a reasonable investigation, Bank of the West would have discovered that Plaintiff's automobile installment loan was not closed, was not included in bankruptcy, and was paid consistently every month.

74. Bank of the West violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to TransUnion.

75. Bank of the West violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

76. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (B) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

77.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(3)     any actual damages sustained by the consumer as a result of the failure; and

(4)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

78.     Bank of the West's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.      find Bank of the West in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.      award any actual damages to Plaintiff as a result of Bank of the West's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

**Count III**
**TransUnion's violation(s) of 15 U.S.C. § 1681 *et seq.***

79. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.     TransUnion's failure to follow reasonable procedures**

80. Section 1681e(b) requires credit reporting agencies such as TransUnion to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

81. TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

82. Upon information and belief, on multiple and numerous occasions, TransUnion prepared patently inaccurate consumer reports concerning Plaintiff.

83. Upon information and belief, TransUnion furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.     TransUnion's failure to conduct a reasonable investigation**

84. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in his credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

85. TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which TransUnion received Plaintiff's dispute letter(s).

86. TransUnion violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to BANA and Bank of the West before the expiration of the five-business-day period beginning on the date on which TransUnion received Plaintiff's dispute letter(s).

87. TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which TransUnion received Plaintiff's dispute letter(s).

88. TransUnion violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

89. TransUnion violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute(s) in each consumer report that includes the disputed information.

90. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

91.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

92.     TransUnion's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff request the following relief:

A.      find TransUnion in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.      award any actual damages to Plaintiff as a result of TransUnion's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

December 6, 2018  Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Winston T. Rubino*